IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERESA HARDRICK

      v.

RONALD S. CANTER, et al.

:

:

:   Civil Action No. DKC 11-3032

:

## MEMORANDUM OPINION

Presently pending and ready for review in this debt collection case are the motions to dismiss the original complaint filed by Defendants Robert Burstein (ECF No. 11) and Ronald Canter (ECF No. 24), a motion for leave to amend the complaint filed by Plaintiff Teresa Hardrick (ECF No. 27), and Defendants' motions for sanctions (ECF Nos. 25, 26, 33). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions to dismiss will be granted, the motion for leave to amend will be denied, and the motions for sanctions will be denied.

I.   **Background**

   A.   **Factual Background**[1]

   On May 30, 1995, Plaintiff and her now deceased husband signed a promissory note for $200,000 with Chrysler First Business Corporation to purchase commercial property located at 5035 D Street S.E. in the District of Columbia.   In September 1996, Chrysler sold this loan to BCC Investors, LLC.   The Hardricks apparently defaulted on this loan, and on April 9, 2001, BCC filed suit against Plaintiff and her husband in the Circuit Court for Montgomery County, Maryland, seeking a judgment for the amount due.   A hearing was held on BCC's unopposed motion for summary judgment, and judgment was entered against the Hardricks, jointly and severally, for $351,451.99. In January 2002, BBC and the Hardricks entered into an agreement regarding the Hardricks' payment of the judgment ("2002 Agreement").   BCC ultimately assigned the judgment to JAECI I, LP.   Plaintiff's husband died, and she defaulted on the 2002 Agreement in April 2004.   Pursuant to the 2002 Agreement, JAECI requested a writ of execution on Plaintiff's home from the Circuit Court for Montgomery County on November 30, 2005.   The writ was served, and pending an appeal, Plaintiff and JAECI

---

   [1]   Unless otherwise noted, the facts outlined here are contained in Plaintiff's complaint (ECF No. 1) and proposed amended complaint (ECF No. 27) and are construed in the light most favorable to Plaintiff.

entered into a second agreement ("2006 Agreement") for her payment of the judgment, thereby staying the writ of execution.

The 2006 Agreement required a lump sum payment in 2009, which the circuit court later concluded Plaintiff did not pay. Accordingly, the court issued another Writ of Execution on Plaintiff's property on February 18, 2010.  Ms. Hardrick moved to prevent the Sheriff's sale of her home, asserting that she was unable to enter a final payoff amount because she could not effectively communicate with JAECI's lawyers, including Mr. Burstein.  On April 12, 2010, Plaintiff's motion was denied after a hearing held by the circuit court.  She appealed this ruling to the Maryland Court of Special Appeals, which affirmed the ruling.  On March 1, 2012, the circuit court ratified the sale of Plaintiff's home.

In 2002, Defendant Ronald Canter was an attorney with the law firm of Wolpoff & Abramson, to which BCC required Plaintiff's payments be made.  In 2009, Defendant Robert Burstein was an attorney with the law firm of Mann Bracken and had JAECI as a client.  Both Mr. Canter and Mr. Burstein corresponded with Plaintiff regarding the payment of the judgment under the various settlement agreements.  They also represented their clients in litigation with the Hardricks.

**B.    Procedural Background**

Plaintiff filed suit on October 24, 2011, against Defendants Canter and Burstein, individually, and Montgomery County Sheriff Darren Popkin for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), seeking an injunction against the Sheriff's sale of her home, a declaration vacating the judgment entered in the Circuit Court for Montgomery County, and an order requiring Defendant Canter to accept payments pursuant to the 2002 Agreement. (ECF No. 1). In sum, Plaintiff argues that the judgment in the underlying litigation should be set aside because: (1) she was not in default on the underlying debt, and (2) that Defendants made misrepresentations to the Circuit Court for Montgomery County.

One day after filing the complaint, Plaintiff moved for a temporary restraining order to prevent the Sheriff's sale of her home. (ECF No. 2). That motion was denied the same day. (ECF No. 3). On March 22, 2012, Sheriff Popkin moved to dismiss the complaint as to him (ECF No. 10), and this unopposed motion was granted on April 10, 2012 (ECF No. 13). On April 3, 2012, Defendant Burstein moved to dismiss. (ECF No. 11). Although Plaintiff is represented, she filed *pro se* opposition papers on April 20, the day her response was due. (ECF No. 17). Later that evening, Plaintiff's counsel filed a motion for extension of time to file an opposition (ECF No. 14), which was repeated

4

on two more occasions.  (ECF Nos. 18, 20).  Eventually, on May
1, 2012, counsel attempted to file an amended complaint,
dismissing the current defendants, substituting new claims, and
adding two new defendants:  BCC and JAECI (ECF Nos. 21, 22).
The clerk advised Plaintiff's counsel that the amended complaint
violated electronic filing requirements and local rules.  (ECF
No. 23).

On May 7, Defendant Canter moved to dismiss the original
complaint, and both defendants moved for sanctions against
Plaintiff.  (ECF Nos. 24, 25, 26).  Plaintiff did not oppose the
motion to dismiss.

On May 26, 2012, Plaintiff filed a revised motion for leave
to file a new amended complaint, seeking to add two defendants,
BCC Investors and JAECI.  (ECF No. 27).  Rather than alleging a
violation of the Fair Debt Collection Practices Act, Plaintiff's
proposed amended complaint purports to assert diversity
jurisdiction under 28 U.S.C. § 1332(a)(1) for claims of
fraudulent misrepresentations made by Defendants at the
proceedings before the Circuit Court for Montgomery County,
coercion, and breach of contract.  She also asserts that her
constitutional rights were violated by unspecified parties, and
that this court may exercise jurisdiction under 42 U.S.C. §
1983.  (*Id.*).  Defendants have opposed the amendment, because
the new claims would be futile.  Plaintiff has not filed a

reply.    Defendants  have  also  filed  a  second  motion  for
sanctions.  (ECF No. 33).

## II.  Defendants' Motions to Dismiss

### A.  Standard of Review

Federal  Rule  of  Civil  Procedure  12(b)(6)  tests  the
sufficiency   of   the   complaint.   *Presley  v.  City  of
Charlottesville*,  464  F.3d  480,  483  (4th  Cir.  2006).   A
plaintiff's  complaint  need  only  satisfy  the  standard  of  Rule
8(a),  which  requires  a  "short  and  plain  statement  of  the  claim
showing  that  the  pleader  is  entitled  to  relief."  Fed.R.Civ.P.
8(a)(2).   "Rule  8(a)(2)  still  requires  a  'showing,'  rather  than
a  blanket  assertion,  of  entitlement  to  relief."  *Bell  Atl.  Corp.
v.  Twombly*,  550  U.S.  544,  555  n.  3,  (2007).  That  showing  must
consist  of  more  than  "a  formulaic  recitation  of  the  elements  of
a  cause  of  action"  or  "naked  assertion[s]  devoid  of  further
factual  enhancement."  *Ashcroft  v.  Iqbal*,  556  U.S.  662,  678,
(2009) (internal  citations  omitted).

At  this  stage,  the  court  must  consider  all  well-pleaded
allegations  in  a  complaint  as  true,  *Albright  v.  Oliver*,  510  U.S.
266,  268  (1994),  and  must  construe  all  factual  allegations  in
the  light  most  favorable  to  the  plaintiff,  *see  Harrison  v.
Westinghouse  Savannah  River  Co.*,  176  F.3d  776,  783  (4th  Cir.
1999) (citing  *Mylan  Labs.,  Inc.  v.  Matkari*,  7  F.3d  1130,  1134
(4th  Cir.  1993)).   The  court  need  not,  however,  accept

unsupported legal allegations.  *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1979).  Nor must it agree with legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## B.  Analysis

To plead a plausible claim under the FDCPA, as Plaintiff attempted in the original complaint, a Plaintiff must allege facts to show that:  "(1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt."  *In re Creditrust Corp.*, 283 B.R. 826, 830 (Bankr.D.Md. 2002).  Assuming the first two prongs could be met, Plaintiff cannot establish the third.  The FDCPA cannot apply to the transactions

7

at issue in Plaintiff's original complaint because the debt is a commercial, not consumer, debt. Indeed, by filing a proposed amended complaint that did not include any reference to the FDCPA, Plaintiff herself abandons the claim. The FDCPA explicitly states:

> (5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Plaintiff signed a declaration[2] in connection with the underlying loan in which she affirmed "[t]he borrowers hereby warrant that the proceeds of the loan are being used for the conduct of business or investment purposes." (ECF No. 11-2, at 8). Because the FDCPA, by its terms, cannot apply to the underlying debt, Plaintiff's original complaint will be dismissed.[3]

---

[2] Plaintiff did not attach the underlying loan documents to her complaint. In deciding a Rule 12(b)(6) motion, a district court may "consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action, as well as facts subject to judicial notice, such as the content of court records." *Roberts v. Nicholas*, No. 04-2039, 2007 WL 5145353, at *3 (D.Md. Jan. 26, 2007).

[3] Defendants also argue that the claims should be dismissed because they are barred by the statute of limitations and

## III. Plaintiff's Motion for Leave to File an Amended Complaint

### A.   Standard of Review

Fed.R.Civ.P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The Supreme Court has said that:

> In the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought to amend a complaint should, as the rules require, be "freely given."  The grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules of Civil Procedure.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, allowing the complaint to be amended will cause no apparent undue delay, and there is no evidence of any bad faith or dilatory motive.  The only real question is whether the proposed amendment would be futile.  The standard for futility is the same as a motion to dismiss under Fed.R.Civ.P.

---

Plaintiff did not demonstrate good cause for her failure to effect service.  (ECF No. 11).  Because the FDCPA does not apply to Plaintiff's claims, these arguments will not be addressed.

12(b)(6).  *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (amendment is futile if the amended claim would fail to survive motion to dismiss).  "Leave to amend should be denied on the ground of futility only when the proposed amendment is clearly insufficient or frivolous on its face."  *Cappetta v. GC Services Ltd. Partnership*, No. 08-cv-288, 2009 WL 482474 at *4 (4th Cir. 2009) (citing *Davis v. Piper Aircraft Corporation*, 615 F.2d 606, 613 (4th Cir. 1986); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)).

## B.  Analysis

Defendants argue that Plaintiff's motion for leave to amend should be denied on the grounds of futility for a number of reasons:  (1) the proposed amended complaint does not demand relief as to Defendants Canter and Burstein, (2) Defendants are private actors not subject to § 1983, (3) all claims are barred by the Rooker-Feldman Doctrine, the doctrine of collateral attack, and claim preclusion, and (4) the court does not have jurisdiction over remaining state-law claims.  Defendants' arguments are persuasive, and Plaintiff will not be granted leave to amend her complaint, because amendment would be futile.

### 1.  Failure to State a Claim under 42 U.S.C. § 1983

Plaintiff's first claim is titled:  "Sale of Plaintiff's property under color of state authority in violation of due process clause of the 14th Amendment to the U.S. Constitution,"

and alleges that the Circuit Court for Montgomery County improperly relied on Defendants' misrepresentations when it ratified the sale of her home. (ECF No. 27, at 12-13). This count does not refer specifically to § 1983, but her jurisdictional statement, which refers to § 1983 is incorporated into this count, and the remaining claims are based in state law. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution, and must also show that the alleged deprivation was committed by a person acting under color of state law. *Allen v. Columbia Mall, Inc.*, 47 F.Supp.2d 605, 609 (D.Md. 1999) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). When addressing whether a private party acted under color of law, a court starts with the presumption that private conduct does not constitute governmental action. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal citations omitted). Thus "the party charged with the deprivation must be a person who may

fairly be said to be a state actor . . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Here, Plaintiff alleges that Defendants' were state actors because they abused the judicial process by lying in open court, and the circuit court's reliance on those false statements led to the sale of her home.  (ECF No. 27 at 13).  The alleged misuse of judicial procedures will not qualify Defendants as state actors under § 1983.  "[A] private party's mere invocation of state legal procedures has not been held by the Supreme Court to constitute 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of state law." *Donlan v. Smith*, 662 F.Supp. 352, 359 (D.Md. 1986); *see also Field Auto City, Inc. v. General Motors Corp.*, 476 F.Supp.2d 545, 555 (E.D.Va. 2007) ("Simply put, the misuse by private litigants of a state statute or rule does not constitute state action for purposes of § 1983.").  If a § 1983 claim is "based on an alleged 'joint participation' or 'conspiracy' between private actors and public actors, a bare assertion of a 'conspiracy' is insufficient, and a plaintiff must plead enough factual matter to plausibly suggest that an agreement was made to deprive [him or her] of [his or her]

constitutional rights." *McFadyen v. Duke University*, 786 F.Supp.2d 887, 928 (M.D.N.C. 2011); *see also Howard v. Food Lion, Inc.*, 232 F.Supp.2d 585, 597 (M.D.N.C. 2002) (holding that in bringing a conspiracy claim under § 1983, the plaintiff "must allege both a mutual understanding to achieve some unconstitutional action reached by the private and state defendants and some factual assertions suggesting a meeting of the minds," and that "[w]hen a complaint contains merely a vague allegation of conspiracy, it cannot withstand a motion to dismiss").

In bringing her § 1983 claim, Plaintiff merely alleges that the state courts were wrong in their multiple decisions regarding the contracts between Plaintiff and Defendants. This does not meet the burden required to show that Defendants, as private persons and entities, acted in concert with the state to deprive Plaintiff of her due process rights. Therefore, this claim is frivolous: it will not withstand a motion to dismiss, because it fails to raise a cognizable federal question.

## 2. Remaining State Law Claims

Plaintiff invokes jurisdiction over her remaining claims for fraudulent misrepresentation, coercion, and breach of contract pursuant to 28 U.S.C. § 1332. Under the long standing requirement of *complete* diversity between persons and entities, subject matter jurisdiction is lacking. *See Rosmer v. Pfizer*

*Inc.*, 263 F.3d 110, 123 (4th Cir. 2001) ("Since the earliest years of the Republic . . . the Supreme Court has interpreted the diversity jurisdiction statute to require complete diversity of citizenship of each plaintiff from each defendant.") (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806)). Plaintiff is a citizen of Maryland. (ECF No. 27 at 2). Defendants Canter and Burstein are both citizens of Maryland. (*Id.*). Complete diversity is lacking, as is jurisdiction on this basis.[4] Therefore, all of Plaintiff's claims included in her proposed amended complaint are futile, and leave to amend will be denied.[5]

---

[4] Defendants also note that Plaintiff's claims in the amended complaint are barred by the Rooker-Feldman doctrine, claim preclusion, and collateral attack. (ECF No. 28). Although these arguments appear to have merit, they will not be addressed because the court lacks subject matter jurisdiction over them, and Plaintiff's motion for leave to amend the complaint will be dismissed on that basis.

[5] Plaintiff did not assert supplemental jurisdiction as a basis for the remaining state law claims. Nevertheless, "a district court 'may sustain jurisdiction when an examination of the entire complaint reveals a proper basis for assuming jurisdiction other than one that has been improperly asserted.'" *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 652 n. 6 (4th Cir. 2006) (quoting *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978)). However, because the federal claim will be dismissed, the court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (explaining that district courts have discretion when determining whether to exercise supplemental jurisdiction after "dismiss[ing] all claims over which [they] ha[ve] original jurisdiction"); *see Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F.Supp.2d 479, 500 (D.Md. 2005)

**IV.  Defendants' Motions for Sanctions**

On May 7 and 8, 2012, Defendants Burstein and Canter filed motions for sanctions against Plaintiff and her counsel pursuant to Fed.R.Civ.P. 11 relating to her filing of a complaint alleging claims under the FDCPA.  (ECF Nos. 25, 26).  On July 12, 2012, Defendants jointly filed a second motion for sanctions relating to Plaintiff and her attorney's behavior throughout the litigation.[6]  (ECF No. 33).

"[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  The decision to impose Rule 11 sanctions is within the sound discretion of the district court. *Ost-West-Handel Bruno Bischoff GMBH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1998). Under Rule 11, by presenting a pleading or written motion to the court, an attorney "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading or

---

(declining to exercise supplemental jurisdiction because all federal claims had been dismissed early in the case) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

[6] Consistent with Local Rule 105.8, Plaintiff was not required to respond to the Rule 11 motions unless directed to do so by the court.  The court may not grant sanctions without requesting a response.

motion is, among other things, "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" and that its "allegations and other factual contentions have evidentiary support ." Fed.R.Civ.P. 11(b).

There is a difference between a losing case and a frivolous case: "We have recognized that maintaining a legal position to a court is only sanctionable when, in 'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (quoting *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998)). Thus, to avoid sanctions, an "allegation merely must be supported by *some* evidence." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1377 (4th Cir. 1991) (emphasis in original). Furthermore, "[m]otions for sanctions are to be filed sparingly," and "[t]he keynote is cooperation and simple solutions, not paperwork and unnecessary expense to clients." *Thomas v. Treasury Management Ass'n, Inc.*, 158 F.R.D. 364, 366 (D.Md. 1994).

By filing an amended complaint, Plaintiff effectively withdrew her claim under the FDCPA. Further, she has not litigated the case further since Defendants filed their second motion for sanctions. Given these circumstances, the high

standard required for the imposition of sanctions, and the fact that all claims raised in the complaint and proposed amended complaint will be dismissed, the court will exercise discretion not to award sanctions at this time.

**V.   Conclusion**

For the foregoing reasons, the motions to dismiss will be granted, the motion for leave to amend will be denied, and the motions for sanctions will be denied.  A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
